■ McWhite Samuel, Appellant, v Simone Dev. Co., Respondent, et al., Defendants. [786 NYS2d 163]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about September 11, 2003, which, insofar as appealed from as limited by the briefs, granted defendant's mo-

tion for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims and denied plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, and the motion remanded for further proceedings.

Plaintiff, an employee of a carpet contractor, allegedly sustained personal injuries when he fell from an unsecured "wobbly" ladder in the course of installing carpeting as soundproofing to the finished walls of a recording studio. Contrary to the determination of the IAS court, plaintiff's activities fall within the protection of Labor Law § 240 (1) since plaintiff was performing a significant alteration to the subject premises at the time of the incident (see *Joblon v Solow*, 91 NY2d 457, 465 [1998]). We find that the installation of carpeting to insulate the finished walls of a recording studio for soundproofing, rather than for mere cosmetic purposes, significantly changed the physical composition and acoustical function of the subject premises (cf. *LaFontaine v Albany Mgt.*, 257 AD2d 319 [1999], *lv denied* 94 NY2d 751 [1999]).

Likewise, the IAS court erred in denying plaintiff summary judgment on his Labor Law § 240 (1) claim since defendant's failure to provide a properly secured ladder or any safety devices was a proximate cause of plaintiff's fall (see *Montalvo v Petrocelli Constr.*, 8 AD3d 173, 175 [2004]). In light of the undisputed fact that plaintiff was given an unsecured, wobbly ladder and furnished with no other safety devices, plaintiff's alleged drug use could not be the sole proximate cause of his injuries (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8, 290 [2003]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553-554 [2002], *lv denied* 98 NY2d 613 [2002]). Plaintiff's alleged drug use amounts, at most, to comparative negligence which is not a defense to a Labor Law § 240 (1) claim.

We have considered defendant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.