■ Trevor Williams et al., Respondents, v 520 Madison Partnership et al., Appellants. [834 NYS2d 32]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered July 25, 2006, which granted plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim and denied defendants' cross motion for summary judgment dismissing all claims against them, unanimously affirmed, without costs.

Plaintiff Trevor Williams was employed to repair cracks on the exterior of a 43-story building owned by defendants. To reach the areas that required repair Williams used a scaffold located on the roof of the building. The scaffold consisted of a "basket" that was lowered to provide workers with access to the sides of the building, and a counterweight and loading platform, both of which sat on the roof. To use the scaffold, the basket, which had railings along its sides and ends to protect workers from falling, was raised so that its floor was level with the loading platform. The loading platform had railings along each of its four sides save the side used by the worker to access the platform from the roof. To enter the basket, the worker would climb a four-step staircase leading from the roof to the loading platform, which stood five feet above the roof, and step over the lower railings of both the loading platform and the basket, each of which was approximately 18 inches high, and into the basket. To exit the basket the worker would repeat these steps in reverse order.

On June 3, 2002, Williams sustained personal injuries while attempting to move from the basket to the loading platform. Williams testified that he unhooked his safety harness and, with his left foot, stepped over the lower railings of both the basket and the loading platform and onto the loading platform. Williams then began to move his right foot from the basket to the loading platform. However, a "heavy" gust of wind blew, causing the basket to move away from the loading platform. Williams caught his right foot on the lower railing of the basket and fell forward onto the platform, down the staircase and onto the roof.

To establish liability under Labor Law § 240 (1), a plaintiff must demonstrate both that the statute was violated and that

the violation was a proximate cause of the injuries; the mere occurrence of an accident is insufficient to demonstrate that the statute was violated (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). The plaintiff need not demonstrate that the scaffold was defective or failed to comply with applicable safety regulations (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [2004]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [2002]). Rather, plaintiff must establish that the scaffold "proved inadequate to shield [plaintiff] *from harm directly flowing from the application of the force of gravity to an object or person*" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561 [1993], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Montalvo, supra*; *Orellano, supra*). Here, Williams' clear and unambiguous deposition testimony demonstrated that defendants violated Labor Law § 240 (1), i.e., that the scaffold provided by defendants was inadequate to protect him (*see Gordon, supra*).[1] Additionally, plaintiffs demonstrated that defendants' violation of Labor Law § 240 (1) was a proximate cause of Williams' injuries.

Defendants assert that a triable issue of fact exists regarding whether a gust of wind actually caused the basket to move or whether the accident was simply the result of Williams' carelessness. Williams testified "that it was his practice to stop work early if there was a strong wind." Yet, he also testified that after the fall he "tried to finish [his] work" but "called it quits" on account of the pain he was experiencing from the fall. Defendants maintain that if there was a strong wind Williams would have not returned to work for that reason alone and, since he did seek to return to work, the credibility of his testimony that he fell when a gust of wind caused the basket to sway is suspect.

The relevant deposition testimony from Williams is as follows:

"Q If there was bad weather, rain or wind, you would have to stop work earlier?

"A No. I would not get on the scaffold.

"Q If you started and the wind picked up or you started to work, you would end work—

"A Yes. . . .

"Q What time did you start work [on the date of the accident]?

---

1. Defendants have not argued before this Court or Supreme Court that Williams was not subject to an elevation-related risk.

"A Usual time.

"Q About 5:30?

"A Yes.

"Q Do you recall what the weather was like that morning?

"A Good. . . .

"Q While you were working on the side of the building [on the date of the accident], did you notice any type of wind?

"A Yes.

"Q Did you believe that it was strong enough to warrant stopping work that day?

"A No."

As is evident, Williams did *not* testify that it was his practice to stop work early whenever there was a gust of wind. Of course, given the number of days off that would result from such a practice, it would be surprising if Williams did so testify. More to the point, if he had so testified, he would have contradicted himself by testifying that he attempted to return to work after the fall. Williams' actual testimony entails no such contradiction. It merely establishes that a particular gust of wind was strong enough to cause the basket to move but that the wind conditions had not otherwise "picked up" to the point that he stopped working.[2]

Additionally, defendants' claim that the gust of wind was an intervening act that relieved them of liability is without merit. As the Court stated in *Gordon*: "Defendants are liable for all normal and foreseeable consequences of their acts. To establish a prima facie case plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that the risk of some injury from defendants' conduct was foreseeable. An independent intervening act may constitute a superseding cause, and be sufficient to relieve a defendant of liability, if it is of such an extraordinary nature or so attenuated from the defendants' conduct that responsibility for the injury should not reasonably be attributed to them." (82 NY2d at 562.) The occurrence of gusts of wind on the roof of a 43-story building cannot be characterized as extraordinary. Nor was the gust of wind attenuated from defendants' failure to provide an adequate scaffold. To the contrary, it was the gust of wind that

---

**2.** Williams' failure to hold onto the railing of either the basket or the loading platform to steady himself raises, at most, an issue of comparative negligence, which is not a defense to a cause of action under Labor Law § 240 (1) (*see Samuel v Simone Dev. Co.*, 13 AD3d 112 [2004]).

caused the basket to separate from the loading platform, leading to Williams' fall (*cf. deSousa v Dayton T. Brown, Inc.*, 280 AD2d 447 [2001] [coworker's act of adjusting pin and brace of scaffold on which plaintiff was standing, causing scaffold to shake rapidly, not an intervening act]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Buckley and McGuire, JJ.