■ MICHAEL F. VUKOVICH, Respondent-Appellant, v 1345 FEE, LLC, et al., Defendants, PLAZA CONSTRUCTION CORP., Appellant-Respondent, and ADCO ELECTRICAL CORP., Respondent. [872 NYS2d 86]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 1, 2008, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and denied the cross motion of defendant Plaza Construction Corp. (Plaza) for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims and on its claim for contractual indemnification against defendant ADCO Electrical Corp. (ADCO), unanimously modified, on the law, plaintiff's motion granted, and Plaza's cross motion granted as to its claim for contractual indemnification against ADCO, and otherwise affirmed, without costs.

Plaintiff was injured when, while working as a pipe fitter at the premises being renovated, he received an electric shock and fell from the third or fourth rung of an unsecured A-frame ladder. There were no witnesses to the accident.

The evidence demonstrates that plaintiff was entitled to partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim. The ladder provided to plaintiff was inadequate to prevent him from falling five to seven feet to the floor after being shocked, and was a proximate cause of his injuries (*see Williams v 520 Madison Partnership*, 38 AD3d 464 [2007]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [2002]). That plaintiff had no recollection of falling to the floor does not alter this result (*see Felker v Corning Inc.*, 90 NY2d 219 [1997]).

Since there are questions of fact concerning Plaza's authority to control the activity in question, summary judgment was properly denied with respect to the Labor Law § 200 and common-law negligence causes of action (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). Despite such factual questions, contractual indemnification in favor of Plaza against ADCO should have been granted since they allocated the risks of the enterprise by provision for insurance (*see Kinney v Lisk Co.*, 76 NY2d 215 [1990]). Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.