■ MICHAEL ERVIN et al., Appellants, v CONSOLIDATED EDISON OF NEW YORK et al., Respondents. [940 NYS2d 223]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered January 31, 2011, which, insofar as appealed from, denied plaintiffs' motion for summary judgment on the cause of action alleging violation of Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted.

In this action for personal injuries, plaintiff Michael Ervin, was injured while working at a construction site owned by defendant Consolidated Edison where an electrical substation was being built, when a temporary structure that he was descending to gain access to grade level from the top of a concrete wall, approximately three feet high, gave way causing him to fall. It is irrelevant whether the structure constituted a staircase, ramp, or passageway since it was a safety device that failed to afford him proper protection from a gravity-related risk (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 8-10 [2011]). Accordingly, plaintiff is entitled to judgment as a matter of law on his claim pursuant to Labor Law § 240 (1).

Defendants' argument, raised for the first time on appeal, that an issue of fact exists as to whether plaintiff was the sole proximate cause of his injury is unpreserved and, in any event, lacks merit. Defendants failed to submit any evidence showing that plaintiff knew or should have known that he was expected to employ some other device (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Auriemma*, 82 AD3d at 11). To the contrary, the project manager testified that there

were no A-frame ladders or extension ladders provided for access to the structure.

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ.