■ ANGEL CARCHIPULLA, Respondent, v 6661 BROADWAY PARTNERS, LLC, Appellant, et al., Defendant. [945 NYS2d 4]—

Order, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered October 20, 2011, which denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff established his prima facie entitlement to summary judgment by showing that defendant's failure to provide an adequate safety device enumerated in Labor Law § 240 (1) proximately caused him to fall off a ladder, injuring him (*see Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [2002]). Plaintiff was not required to present evidence of a specific structural defect in the ladder (*see Lipari v AT Spring, LLC*, 92 AD3d 502, 503-504 [2012]; *Orellano*, 292 AD2d at 290-291). Contrary to defendant's unpreserved contention, there is no tri-

able issue of fact about whether plaintiff's negligence was the sole proximate cause of the accident, given that there is no evidence that he fell because he simply lost his footing (*see Ervin v Consolidated Edison of N.Y.*, 93 AD3d 485 [2012]; *Lipari*, 92 AD3d at 504). Rather, plaintiff's uncontradicted testimony was that the ladder shook and fell while plaintiff was standing on it.

Defendant failed to preserve its arguments that the court should have dismissed plaintiff's common law negligence and Labor Law §§ 200 and 241 (6) claims. In any event, defendant's contentions regarding those claims are academic in light of the grant of plaintiff's cross motion for partial summary judgment on liability (*see Henningham v Highbridge Community Hous. Dev. Fund Corp.*, 91 AD3d 521, 522 [2012]; *Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 12 [2011]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.

Motion for a stay of trial pending appeal denied.