Order, Supreme Court, New York County (Judith J. Gische, J.), entered December 8, 2010, which, to the extent appealed from as limited by the briefs, denied plaintiff Steve Dwyer’s cross motion for partial summary judgment on the issue of liability on his Labor Law §§ 240 (1) and 241 (6) claims, denied defendants/second third-party plaintiffs Michael Slosberg and Janet Cohn Slosberg’s cross motion for summary judgment dismissing the cross claim for contractual indemnification brought by Central Park Studios and granted Central Park Studios’s motion for summary judgment on that claim, denied third-party defendant/second third-party defendant DSA Builders’s cross motion for summary judgment dismissing Central Park Studios’s contractual indemnification claim, and denied intervenor American Home Assurance Company’s motion for summary judgment dismissing the contribution and common-law indemnification claims asserted against DSA Builders, unanimously modified, on the law, to grant plaintiffs cross motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, and, upon a search of the record, to grant that part of Central Park Studios’s motion for summary judgment dismissing the Labor Law § 241 (6) claim predicated on a violation of 12 NYCRR 23-1.21 (b) (4) (i), and otherwise affirmed, without costs.
Plaintiff Steve Dwyer was employed by third-party defendant DSA Builders (DSA), a general contractor. Defendants Michael *883 Slosberg and Janet Cohn Slosberg retained DSA to renovate and combine their two adjoining cooperative apartment units. Defendant/third-party plaintiff Central Park Studios, Inc. (CPS) owns the apartment building. Intervenor American Home Assurance Company (AHAC) is DSA’s workers’ compensation and liability insurer.
On the day of the accident, plaintiff was standing on a ladder, unassisted, attempting to install a large piece of Sheetrock in the ceiling of the Slosberg’s apartment. Plaintiff was holding the Sheetrock, which was several feet wide, against the ceiling with his left hand. As he reached with his right hand for the screw gun strapped to his side, the ladder collapsed, plaintiff fell backwards onto the floor, and the Sheetrock slab fell on top of him. As a result, plaintiff sustained injuries to his right hand, wrist and arm. During discovery, DSA produced a ladder in excellent condition that was purportedly used by plaintiff on the day of the accident. However, the ladder’s manufacturer, in an affidavit, stated that, based on markings on the ladder, it was manufactured several years after plaintiffs accident.
Plaintiff commenced this action against the Slosbergs and CPS, alleging common-law negligence and violation of Labor Law §§ 200, 240 (1) and 241 (6). CPS asserted a cross claim for contractual indemnification against the Slosbergs, and commenced a third-party action against DSA, seeking contribution and common-law and contractual indemnification. The Slosbergs similarly commenced a second third-party action against DSA, seeking common-law and contractual indemnification. AHAC intervened in the first third-party action.
The court should have granted plaintiffs cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) because plaintiffs injuries were proximately caused, at least in part, by the failure to provide proper protection as required by the statute (see Cevallos v Morning Dun Realty, Corp., 78 AD3d 547, 548 [2010]; Fontaine v Juniper Assoc., 67 AD3d 608, 609 [2009]). The undisputed evidence established that plaintiff was injured when he fell from an unsecured ladder that collapsed, which is sufficient to make out a prima facie case on the section 240 (1) claim (see Demaj v Pelham Realty, LLC, 82 AD3d 531, 532 [2011]). In opposition, CPS and DSA failed to raise an issue of fact. Whether or not the ladder was in good condition, as CPS and DSA claim it was, plaintiff still is entitled to summary judgment on this claim because he was not required to show that the ladder was defective in some manner (see Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 290-291 [2002]).
*884 The testimony of DSA’s principal that, after the accident, plaintiff stated that he lost his balance raises, at most, an issue of comparative negligence, which would not bar recovery under section 240 (1) (see id. at 291). Furthermore, this alleged statement is consistent with plaintiffs claim that he fell when the ladder collapsed. There is no view of the evidence that plaintiff was the sole proximate cause of his injuries. Even if other ladders were available at the job site, there was no showing that plaintiff was expected, or instructed, to use those ladders and for no good reason chose not to do so (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; Torres v Our Townhouse, LLC, 91 AD3d 549 [2012]). Nor is there any evidence that plaintiff was told not to use the ladder he used.
In view of the conflicting evidence about the condition of the ladder, the court properly denied plaintiffs motion for summary judgment as to that part of the Labor Law § 241 (6) claim predicated on 12 NYCRR 23-1.21 (b) (4) (ii) (requiring all ladder footings to be firm). Although not addressed by the motion court, we find that issues of fact also exist as to whether there was a violation of 12 NYCRR 23-1.21 (b) (3) (requiring ladders to be maintained in good condition). However, that part of the section 241 (6) claim based on 12 NYCRR 23-1.21 (b) (4) (i) should be dismissed, because the ladder here was not “used as a regular means of access between floors or other levels” in the building (id.).
CPS is entitled to summary judgment on its cross claim for contractual indemnification against the Slosbergs. CPS and the Slosbergs entered into an alteration agreement for the renovation project in which the Slosbergs agreed to indemnify CPS against “claims for damage to persons or property suffered as a result of the alterations.” Since there is no question that plaintiffs injuries arose out of the alterations, CPS is entitled to be indemnified. There is no merit to the Slosberg’s argument that General Obligations Law § 5-321 renders the indemnification provision unenforceable. Although the indemnification clause purports to indemnify CPS for its own negligence, it is nevertheless enforceable because there is no view of the evidence that CPS was actually negligent. The motion court dismissed the Labor Law § 200 and common-law negligence claims against CPS, and no party has appealed from that part of the court’s decision. Thus, because CPS’s liability is purely vicarious under Labor Law § 240 (1), and potentially section 241 (6), enforcement of the indemnification provision does not run afoul of General Obligations Law § 5-321 (see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 795 n 5 *885 [1997]; Correa v 100 W. 32nd St. Realty Corp., 290 AD2d 306, 306 [2002]).
The motion court properly denied DSA’s cross motion for summary judgment dismissing GPS’s contractual indemnification claim. In view of the fact that DSA signed the alteration agreement, and evidence showing that it procured insurance coverage naming CPS as an additional insured in order to commence the alteration work, DSA failed to establish, as a matter of law, that it did not agree to indemnify CPS under the agreement. Thus, DSA is not entitled to summary judgment at this point.
The motion court was correct in denying AHAC’s motion for summary judgment dismissing the contribution and common-law indemnification claims asserted against DSA. AHAC’s motion was premature, given that plaintiff was still scheduled to undergo three additional surgeries, an additional deposition of the plaintiff was still pending following the three surgeries, and plaintiff has not yet been examined by any physicians at the request of the defendants (see CPLR 3212 [f]). Concur — Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.