■ Jose G. Lizama, Respondent, v 1801 University Associates, LLC, et al., Appellants. [954 NYS2d 58]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered December 23, 2011, which granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff submitted evidence showing that while standing on the fourth rung of a five-rung A-frame ladder, and using both hands to move a sander back and forth on the walls, he was injured when the ladder suddenly shifted, a "crack" was heard and the ladder collapsed, causing him to fall to the floor. Plaintiff testified that he had examined the ladder prior to using it and found it to be functional. However, immediately following the accident, he noted that a stabilizing bracket on the side of the ladder was broken. The ladder was the lone piece of safety equipment available to plaintiff for use in sanding the upper part of the walls, plaintiff's foreman was not at work on the day of the accident and no definitive instructions were given to plaintiff on how to perform the sanding work. Under these circumstances, plaintiff established his entitlement to judgment as a matter of law on the issue of liability on his claim under Labor Law § 240 (1) (*see Carchipulla v 6661 Broadway Partners, LLC*, 95 AD3d 573 [1st Dept 2012]; *Picano v Rockefeller Ctr. N., Inc.*, 68 AD3d 425 [1st Dept 2009]).

In opposition, defendants failed to raise a triable issue of fact. Contrary to defendants' contention that plaintiff was the sole proximate cause of his accident, the record shows that the ladder was inadequate for the nature of the work performed and the gravity-related risks involved (*see Lipari v AT Spring, LLC*, 92 AD3d 502 [1st Dept 2012]). Moreover, defendants did not show that another safety device was available, but went unused, that plaintiff failed to heed instructions on how to perform his assigned sanding task, or that the cause of plaintiff's injury was unrelated to the ladder's shifting and ultimate collapse (*see Gallagher v New York Post*, 14 NY3d 83 [2010]; *Lipari*, 92 AD3d at 504; *Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d 592 [1st Dept 2010]). Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.