Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 19, 2012, which, to the extent appealed from, granted plaintiffs motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and denied defendants’ motion for summary judgment dismissing the Labor Law § 240 (1) claim and the Labor Law § 241 (6) claim as predicated on Industrial Code (12 NYCRR) § 23-1.21 (b) (3) (iv) and (4) (ii), unanimously affirmed, without costs.
Summary judgment was properly granted with respect to plaintiffs Labor Law § 240 (1) cause of action. Plaintiffs deposition is uncontradicted insofar as he testified that he was injured when the unsecured ladder upon which he was working moved, causing him to fall. Accordingly, plaintiff made a prima facie showing of liability under the statute (see Panek v County of Albany, 99 NY2d 452, 458 [2003]). That plaintiff might have chosen to use the wrong type of ladder is immaterial since a worker’s comparative negligence is irrelevant to a Labor Law § 240 (1) cause of action (see Mata v Park Here Garage Corp., 71 *466 AD3d 423 [1st Dept 2010]). Defendants have failed to raise a triable issue of fact as to whether plaintiffs conduct was the sole proximate cause of the accident (see Cuentas v Sephora USA, Inc., 102 AD3d 504 [1st Dept 2013]; see also Ervin v Consolidated Edison of N.Y., 93 AD3d 485 [1st Dept 2012]). We are also unpersuaded by defendants’ argument that plaintiffs motion should have been denied because he was the only witness to the accident. The fact that a plaintiff is the only witness to an accident does not bar summary judgment where his or her testimony concerning the manner in which the accident occurred is neither inconsistent with nor contradicted by his own account provided elsewhere or other evidence (see Klein v City of New York, 222 AD2d 351 [1995], affd 89 NY2d 833 [1996]).
In light of the grant of plaintiffs motion for summary judgment on liability, we need not reach defendants’ arguments regarding his Labor Law § 241 (6) claims (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11-12 [1st Dept 2011]). Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.