■ JUAN GUZMAN, Respondent, v 170 WEST END AVENUE ASSOCIATES et al., Appellants. 170 WEST END AVENUE OWNERS CORP., Third-Party Plaintiff-Appellant-Respondent, v KAY WATERPROOFING CORP., Third-Party Defendant-Respondent-Appellant. (And Other Third-Party Actions.) [981 NYS2d 678]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 28, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on the Labor Law § 240 (1) claim, denied defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim and declined to consider their motion as to the Labor Law § 241 (6) claim, granted defendant/third-party plaintiff's motion for summary judgment on their contractual indemnification claim against third-party defendant, Kay Waterproofing Corp., to the extent of conditioning the order upon a finding of negligence attributable to Kay, and denied Kay's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant unconditionally defendant/third-party plaintiff's motion for summary judgment on their indemnification claim, and otherwise affirmed, without costs.

We decline to consider Kay's argument that Labor Law § 240 (1) is inapplicable since it is raised for the first time on appeal (*see Mayo v Metropolitan Opera Assn., Inc.*, 108 AD3d 422, 424 [1st Dept 2013]). Were we to consider the argument, we would reject it. Plaintiff established that his injuries were caused, at least in part, by the absence of proper protection as required by the statute. The evidence demonstrates that he was struck by a 100-pound electrical cable that fell from a height of approximately 27 stories because it was improperly secured to a scaffold. Plaintiff was not required to show that the cable was being hoisted or secured when it fell (*see Mercado v Caithness Long Is. LLC*, 104 AD3d 576, 577 [1st Dept 2013]).

In view of the foregoing, Kay's contentions regarding the Labor Law § 241 (6) claim are academic (*Carchipulla v 6661 Broadway Partners, LLC*, 95 AD3d 573, 574 [1st Dept 2012]).

Defendants' contract with Kay provided that Kay would indemnify "the Owner Parties" for any "liability or claims for damages [or] injuries . . . arising . . . as the result of any event or occurrence which arises in connection with the Work." Thus, indemnification is not premised upon Kay's negligence. Since there is no dispute that plaintiff's injuries arose out of the contract "Work," defendants are unconditionally entitled to indemnification by Kay (*see Dwyer v Central Park Studios, Inc.*, 98 AD3d 882, 884 [1st Dept 2012]). Although the indemnifica-

tion clause appears to indemnify defendants for their own negligence, it is nevertheless enforceable by virtue of the "savings" language of the clause ("to the fullest extent permitted by law") (*Williams v City of New York*, 74 AD3d 479, 480 [1st Dept 2010]). There is no view of the evidence that would support a conclusion that defendants were actually negligent. Their liability is purely vicarious under Labor Law § 240 (1). Thus, enforcement of the indemnification provision does not run afoul of General Obligations Law § 5-321 (*Dwyer*, 98 AD3d at 884-885).

We reject Kay's argument that defendants 170 West End Avenue Owners Corp. and 170 West End Avenue Associates are not entitled to indemnification because only 170 West End Avenue Condominium is specifically identified as the "Owner" in the contract. Kay's obligation is not limited to the "Owner," but includes "the Owner Parties and their respective officers, board members, agents and employees." 170 West End Avenue Associates is the managing agent of the premises, and 170 West End Avenue Owners Corp. is the actual owner of the premises. Concur—Gonzalez, P.J., Tom, Friedman, Andrias and Saxe, JJ.