■ GREGORY KURAS, Appellant, v CORNELL UNIVERSITY et al., Respondents. [987 NYS2d 132]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 30, 2014, which denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff established his entitlement to judgment as a matter of law through his testimony that, while attempting to descend from the third to the second rung of an unsecured wooden A-frame ladder, the ladder (which had worn legs and no rubber tips) suddenly slipped and collapsed, causing him to fall and sustain injuries (*see Goreczny v 16 Ct. St. Owner LLC*, 110 AD3d 465 [1st Dept 2013]; *Fanning v Rockefeller Univ.*, 106 AD3d 484 [1st Dept 2013]).

In opposition, defendants failed to raise a triable issue of fact. There is no support for defendants' argument that the record contains inconsistent accounts as to how the accident occurred (*see e.g. Marrero v 2075 Holding Co. LLC*, 106 AD3d 408 [1st Dept 2013]). There is no evidence that plaintiff fell simply because he lost his balance (*see e.g. Carchipulla v 6661 Broadway Partners, LLC*, 95 AD3d 573 [1st Dept 2012]), and regardless of whether a lift and another ladder were available at the job site, "there was no showing that plaintiff was expected, or instructed, to use those [devices] and for no good reason chose not to do so" (*Dwyer v Central Park Studios, Inc.*, 98 AD3d 882, 884 [1st Dept 2012]). Concur—Tom, J.P., Friedman, Gische and Clark, JJ. ▮