Order, Supreme Court, New York County (Paul Wooten, J.), entered January 30, 2014, which denied plaintiffs motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.
*489 Plaintiff established his entitlement to judgment as a matter of law through his testimony that, while attempting to descend from the third to the second rung of an unsecured wooden A-frame ladder, the ladder (which had worn legs and no rubber tips) suddenly slipped and collapsed, causing him to fall and sustain injuries (see Goreczny v 16 Ct. St. Owner LLC, 110 AD3d 465 [1st Dept 2013]; Fanning v Rockefeller Univ., 106 AD3d 484 [1st Dept 2013]).
In opposition, defendants failed to raise a triable issue of fact. There is no support for defendants’ argument that the record contains inconsistent accounts as to how the accident occurred (see e.g. Marrero v 2075 Holding Co. LLC, 106 AD3d 408 [1st Dept 2013]). There is no evidence that plaintiff fell simply because he lost his balance (see e.g. Carchipulla v 6661 Broadway Partners, LLC, 95 AD3d 573 [1st Dept 2012]), and regardless of whether a lift and another ladder were available at the job site, “there was no showing that plaintiff was expected, or instructed, to use those [devices] and for no good reason chose not to do so” (Dwyer v Central Park Studios, Inc., 98 AD3d 882, 884 [1st Dept 2012]).
Concur—Tom, J.E, Friedman, Gische and Clark, JJ.