*525 Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 27, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and granted defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, plaintiffs motion granted, and defendant’s motion denied.
Plaintiff is a glazier with approximately 43 years of experience (24 years in the United States and 19 years in the Dominican Republic). He and three coworkers were sent by his employer to replace cracked glass panels in the skylight of defendant church’s steeple. To access the steeple, plaintiff and his coworkers placed a 12- or 14-foot extension ladder belonging to their employer on top of the roof of the church and leaned it up against the steeple. Plaintiff had used the ladder on three prior occasions and found it to be in good condition. As plaintiff climbed the ladder, the bottom kicked out, moving away from the steeple wall. Both the ladder and plaintiff fell approximately 20 feet straight to the roof below, causing plaintiff to sustain injuries.
Plaintiff commenced this action alleging, inter alia, that defendant violated Labor Law § 240 (1) by failing to provide him with an adequate ladder and by failing to provide any safety harnesses or belts that would have prevented his fall.
Upon completion of discovery, plaintiff moved for partial summary judgment on the issue of defendant’s section 240 (1) liability. Defendant moved in a separate motion for summary judgment dismissing the complaint on the grounds that plaintiffs work was not covered by section 240 (1) as a matter of law, since at the time of the accident plaintiff was not “altering” or “repairing” the premises, but rather was performing routine maintenance on the building. Defendant’s motion was supported only by an attorney affirmation analogizing plaintiffs work to replacing window screens.
In opposition to defendant’s motion and in further support of his motion, plaintiff submitted his own affidavit asserting that, based on his many years of experience as a glazier, skylight panels such as the ones he was replacing do not “crack” or “wear out” over time and “could have remained in place without repair or replacement indefinitely” unless some unusual event caused them to crack or break. Plaintiff further asserted that the three cracked panels made the skylight useless, as “wa *526 ter and other elements” could pass through the cracks, causing further damage to the panels as well as the interior of the steeple.
Labor Law § 240 (1) provides protection to workers who are exposed to gravity-related risks arising from working at a height without being provided with adequate safety devices (see e.g. Keenan v Simon Prop. Group, Inc., 106 AD3d 586, 588 [1st Dept 2013]). The statute is “to be construed as liberally as may be for the accomplishment of the purpose for which it was . . . framed” (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). All contractors, owners and their agents are required to provide proper protection to persons employed in the repairing or altering of a building who are exposed to elevation related hazards (id. at 268; see also Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).
A plaintiff moving for partial summary judgment must establish that section 240 (1) was violated and that the violation was a proximate cause of his or her injuries (Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Williams v 520 Madison Partnership, 38 AD3d 464, 464-465 [1st Dept 2007]). “The plaintiff need not demonstrate that the [safety device] was defective or failed to comply with applicable safety regulations,” but only that it “proved inadequate to shield [plaintiff] from harm directly flowing from the application of the force of gravity to an object or person” (Williams, 38 AD3d at 465 [internal quotation marks and emphasis omitted]; see also Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]). The inexplicable shifting of an unsecured ladder may alone support a section 240 (1) claim if a worker is caused to fall due to such shifting (see e.g. Picano v Rockefeller Ctr. N., Inc., 68 AD3d 425 [1st Dept 2009]; Carchipulla v 6661 Broadway Partners, LLC, 95 AD3d 573, 574 [1st Dept 2012]). A worker’s prima facie entitlement to partial summary judgment on his or her section 240 (1) claim may be established by proof that the ladder provided collapsed under the worker while he or she was engaged in an enumerated task (Carchipulla, 95 AD3d at 573-574; Harrison v V.R.H. Constr. Corp., 72 AD3d 547, 547 [1st Dept 2010]; Hamill v Mutual of Am. Inv. Corp., 79 AD3d 478, 478 [1st Dept 2010]).
The crux of this case involves the question of whether plaintiff was involved in repair or maintenance work. “Essentially, routine maintenance for purposes of the statute is work that does not rise to the level of an enumerated term such as repairing or altering” (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]). In distinguishing between what constitutes repair as opposed to routine maintenance, courts will consider such fac *527 tors as “whether the work in question was occasioned by an isolated event as opposed to a recurring condition” (Dos Santos v Consolidated Edison of N.Y., Inc., 104 AD3d 606, 607 [1st Dept 2013]); whether the object being replaced was “a worn-out component” in something that was otherwise “operable” (Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697 [2d Dept 2012]); and whether the device or component that was being fixed or replaced was intended to have a limited life span or to require periodic adjustment or replacement (Picaro v New York Convention Ctr. Dev. Corp., 97 AD3d 511, 512 [1st Dept 2012]).
Here, plaintiff described the panes as being constructed of “heavy plate glass” with wire running through them and stated that they simply “do not crack or wear out over time.” Plaintiff showed, without contradiction, that these panes were not being replaced as a result of normal wear and tear, as they were not expected to be regularly replaced. In fact, defendant presented no evidence that the panes ever had to be replaced or repaired from the time the steeple had been built. As an experienced glazier with over 30 years of experience, plaintiff was more than competent to state that the replacement of these panes constituted repair work, and was not routine maintenance.
As plaintiff made out a prima facie case on the issue of liability, and defendant failed to offer evidence that would raise a triable issue of fact, plaintiffs motion should have been granted, and defendant’s motion denied.
Concur—Mazzarelli, J.P., Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.