Carpentieri v 309 Fifth Ave., LLC (2020 NY Slip Op 01269)





Carpentieri v 309 Fifth Ave., LLC


2020 NY Slip Op 01269


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11095 159773/13ECF

[*1] Robert Carpentieri, et al., Plaintiffs-Respondents,
v
309 Fifth Avenue, LLC, et al., Defendants-Appellants. [And a Third-Party Action.]


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for appellants.
Oresky & Associates, PLLC, Bronx (Payne Tatich of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about August 14, 2018, which granted plaintiffs' motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim as against defendants MEPT 309 Fifth Avenue, LLC and Lend Lease (US) Construction, Inc., unanimously affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were caused by a violation of Labor Law § 240(1), by presenting his testimony that he was applying masking tape to a wall fixture to prepare for painting while standing on the top plank of a scaffold about four feet above the floor, when the plank flipped up, causing him to fall to the floor (see Mendez v Union Theol. Seminary in City of N.Y., 8 AD3d 32 [1st Dept 2004]). Plaintiff also presented photos of the scaffold showing that it had no guardrails (see Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]; Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280 [1st Dept 2005]), and plaintiff was not supplied with any other safety devices (see Camacho v Ironclad Artists, Inc., 174 AD3d 426 [1st Dept 2019]).
In opposition, defendants failed to raise a triable issue of fact as to whether the scaffold was an inadequate safety device. Testimony by a site safety manager that he saw another scaffold at some unspecified time after the accident, and that it did not appear defective or consistent with plaintiff's testimony or photos, did not raise an issue of fact (see Haynes v Boricua Vil. Hous. Dev. Fund Co., Inc., 170 AD3d 509, 510 [1st Dept 2019]).
Furthermore, even assuming that defendants submitted admissible evidence establishing plaintiff's negligence, he was at most comparatively negligent, which is not a defense to Labor Law § 240(1) (see e.g. Celaj, 144 AD3d at 590 [moving
scaffold while standing on it without locking wheels]; Samuel v Simone Dev. Co., 13 AD3d 112 [1st Dept 2004].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK