Dyszkiewicz v City of New York (2021 NY Slip Op 02871)





Dyszkiewicz v City of New York


2021 NY Slip Op 02871


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 27495/17E Appeal No. 13776 Case No. 2020-03435 

[*1]Michal Dyszkiewicz, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York ("Elie" Ian Marc Herman of counsel), for appellants.
The Platta Law Firm, PLLC, New York (Laurence Rogers of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about February 19, 2020, which, inter alia, granted plaintiff's motion for partial summary judgment on his claim pursuant to Labor Law § 240(1), unanimously affirmed, without costs.
Plaintiff made a prima facie showing of entitlement to summary judgment on his claim pursuant to Labor Law § 240(1). He testified that he fell through a scaffold approximately six feet to the next level below when an unsecured plank shifted or slipped (see Carpentieri v 309 Fifth Ave., LLC, 180 AD3d 571 [1st Dept 2020]; Mora v Wythe & Kent Realty LLC, 171 AD3d 426 [1st Dept 2019]; Kristo v Board of Educ. of the City of N.Y., 134 AD3d 550 [1st Dept 2015]). Defendants' assertion of "impossibility" is unpersuasive given that plaintiff's testimony concerning the specific dimensions of the scaffold planks and their placement was clearly based on his best estimates, punctuated with phrases such as "I think" and "I'm not sure." That the accident was unwitnessed is also of no consequence (see Erkan v McDonald's Corp., 146 AD3d 466 [1st Dept 2017]; see also Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582 [1st Dept 2018]). Statements taken from plaintiff's coworkers, who did not witness the accident but were there soon after, are more telling for what they omit than what they offer. Despite knowing plaintiff's version of the accident on the day it occurred, none of the coworkers' statements speak to whether the planks were secured at the time of plaintiff's accident or whether, as claimed by plaintiff and another coworker, their foreman directed some of the workers to hurry and nail the planks down after the accident occurred. Instead, they offer only that the scaffold was clean and free of debris, factors not relevant to the accident as described by plaintiff. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021