Rodriguez v Milton Boron, LLC (2021 NY Slip Op 06459)





Rodriguez v Milton Boron, LLC


2021 NY Slip Op 06459


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 36182/17E Appeal No. 14659 Case No. 2020-04829 

[*1]Julio Rodriguez, Plaintiff-Appellant,
v
Milton Boron, LLC, Defendant-Respondent. [and Other Third-Party Actions]


Ginarte Gallardo Gonzalez & Winograd, LLP, New York (Joel Celso of counsel), for appellant.
Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 10, 2020, which, to the extent appealed from, denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, plaintiff's motion granted, and defendant's motion denied.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim by submitting proof that he fell from an unsecured A-frame ladder that suddenly moved as he was reaching overhead to hardwire a new smoke and carbon monoxide detector to replace an inoperable hardwired smoke detector that he had just removed (see Estrella v GIT Indus., Inc., 105 AD3d 555, 555 [1st Dept 2013]; Sacko v New York City Housing Auth., 188 AD3d 546 [1st Dept 2020]). Plaintiff's proof established that the work constituted a repair within the protections of Labor Law § 240(1) and not merely routine maintenance (see Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc., 118 AD3d 524, 526-527 [1st Dept 2014]; Piccione v 1165 Park Ave., 258 AD2d 357, 357 [1st Dept 1999], lv dismissed 93 NY2d 957 [1999]).
In opposition, defendant offered evidence which attempted to show the ladder was not defective and was an adequate safety device for the task undertaken, was insufficient to overcome plaintiff's prima facie case (see Estrella, 105 AD3d at 555). Further, no view of the evidence exists to support defendant's contention that plaintiff was the sole proximate cause of his injuries (see Sacko v New York City Hous. Auth., 188 AD3d 546, 547 [1st Dept 2020]; Dwyer v Central Park Studios, Inc., 98 AD3d 882, 884 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021