Devita v NYY Steak Manhattan, LLC (2023 NY Slip Op 01257)

Devita v NYY Steak Manhattan, LLC

2023 NY Slip Op 01257

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 158327/13 Appeal No. 17502-17503 Case No. 2021-00305, 2021-00307 

[*1]Michelle Devita, as Administratrix of the Estate of Kevin McGonigal, Plaintiff-Appellant,
v
NYY Steak Manhattan, LLC, Plaza Construction Corp. et al., Defendants-Respondents. (And a Third-Party Action.)
Baring Industries, Inc., Second Third-Party Plaintiff-Respondent,
v
Day & Nite Refrigeration Corp., et al., Second Third-Party Defendants-Respondents.
NYY Steak Manhattan, LLC, et al., Third Third-Party Plaintiffs-Respondents,
v
B&G Electrical Contractors, et al., Third Third-Party Defendants-Respondents, Baring Industries, Inc., Third Third-Party Defendant.

Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for NYY Steak Manhattan, LLC and Plaza Construction Corp., respondents.
Goldberg Segalla LLP, White Plains (William T. O'Connell of counsel), for Baring Industries, Inc., respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (David A. LoRe of counsel), for Day & Nite Refrigeration Corp. and Kimco Refrigeration Corp., respondents.
Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr., of counsel), for B&G Electrical Contractors, respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 25, 2020, which, to the extent appealed from, granted the motion of defendants NYY Steak Manhattan, LLC and Plaza Construction Corp. for partial summary judgment dismissing causes of action alleging common-law negligence and violation of Labor Law § 200 and sua sponte dismissed plaintiff's complaint in its entirety as to those defendants, unanimously reversed, on the law, without costs, and the causes of action for violation of Labor Law §§ 200, 240(1), 241(6), and common-law negligence reinstated as against those defendants. Order, same court and justice, entered July 22, 2020, which amended the June 25, 2020 order to grant the motion of defendant Baring Industries, Inc. for summary judgment dismissing plaintiff's complaint as against it, unanimously modified, on the law, to reinstate plaintiff's Labor Law §§ 240(1) and 241(6) claims as against Baring, and otherwise affirmed, without costs.
Plaintiff's decedent was injured when he tripped on a piece of wood in an allegedly poorly lit passageway and fell into an elevator pit that he described as between two and three feet deep. The pit was covered by a planking and plywood cover after it was poured, but at some point the cover was removed and some of the trades on site stored materials and equipment in it. The general contractor's representative testified that the wood cover had been placed for the purpose of safety. Given these facts, plaintiff has raised an issue of fact as to whether application of Labor Law § 240 governs this claim sufficient to defeat defendants' various motions for summary judgment (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]; Carpentieri v 309 Fifth Ave., LLC, 180 AD3d 571, 571-572 [1st Dept 2020]; Ervin v Consolidated Edison of New York, 93 AD3d 485, 485 [1st Dept 2012]).
Further, plaintiff raised issues of fact barring dismissal of the Labor Law § 241(6) cause of action, as Industrial Code §§ 23-1.7(e) and 23-1.30 may apply to circumstances of plaintiff's accident. Plaintiff's decedent testified that he tripped over debris in a passageway and then into a pit in an area that was arguably a work area (see Davis v Trustees of Columbia Univ. in City of N.Y., 199 AD3d 481, 481-482 [1st Dept 2021]; Armental v 401 Park Ave. S. Assoc., LLC, 182 AD3d 405, 407 [1st Dept 2020]). Moreover, the decedent testified that he had difficulty seeing behind him as he dragged the dolly that held the commercial refrigeration components destined for installation in the basement kitchen, and that he did not see the debris or the pit before his accident (see Capuano v Tishman Constr. Corp., 98 AD3d 848. 850-851 [1st Dept 2012]; Schirmer v Athena-Liberty Lofts, LP, 48 AD3d 223, 224 [1st Dept 2008]).
As to Baring's liability under the Labor Law, it failed to establish that it is not a statutory agent for purposes of Labor Law §§ 240(1) or 241(6). Baring's contract with Plaza delegated the authority [*2]to Baring to supervise and control the installation of kitchen equipment and obligated it to exercise such supervision over any of its subcontractors, such as decedent's employer. That it may not have actually done so is not dispositive (see Badzio v E. 68th St. Tenants Corp., 200 AD3d 591, 592 [1st Dept 2021]; Burke v Hilton Resorts Corp., 85 AD3d 419, 420 [1st Dept 2011]). Baring is correct, however, that it was not an agent for purposes of Labor Law § 200. It had no responsibilities over lighting, debris removal, or the area where the pit was located; rather, its safety responsibilities were limited to its and its subcontractor's work (see Gonzalez v Glenwood Mason Supply Co., Inc., 41 AD3d 338, 339 [1st Dept 2007]).
With respect to the Labor Law § 200 and common-law negligence causes of action as against NYY Steak and Plaza, there is an issue of fact as to whether those defendants were on notice that the illumination at the site was insufficient (see Miano v Battery Place Green LLC, 117 AD3d 489, 489-490 [1st Dept 2014]; Robbins v Goldman Sachs Headquarters, LLC, 102 AD3d 414, 414-415 [1st Dept 2013]). Plaintiff also adduced evidence of constructive notice as to the uncovered pit (see McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]). Unlike the wood debris, the pit was neither a transient nor latent condition; rather, its condition was clearly observable, as
other trades had placed equipment and materials in it. Moreover, testimony in the record states that the pit was uncovered for at least two days. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023