Mederos v 147 Amsterdam LLC (2025 NY Slip Op 01895)

Mederos v 147 Amsterdam LLC

2025 NY Slip Op 01895

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 152869/19|Appeal No. 4006|Case No. 2024-04149|

[*1]Paul Mederos as Guardian for Vinicio A. Familia Sena, Plaintiff-Respondent,
v
147 Amsterdam LLC et al., Defendants, Lucky Bear & Company et al., Defendants-Appellants.

Mauro Lilling NaParty LLP, Woodbury (Glenn A. Kaminska of counsel), for appellants.
VoutÉ, Lohrfink, McAndrew & Meisner, LLP, White Plains (Jeffrey S. Peske of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about June 7, 2024, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendants Lucky Bear & Company and Amsterdam RMR LLC (together, defendants), unanimously affirmed, without costs.
This case stems from a construction site accident that occurred at property owned by defendants and leased to defendant Brisa Dominicana Restaurant Corp., which was being converted from a bodega into a restaurant. Plaintiff's ward (Vinicio) was injured in an accident involving a scaffold, although no one witnessed the accident itself, and Vinicio's injuries prevent him from recalling how the accident occurred. The record is clear, however, that, after hearing a sound, witnesses discovered Vinicio on the ground next to a collapsed/overturned scaffold. This evidence is sufficient to establish plaintiff's prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) claim (see Kind v 1177 Ave. of the Ams. Acquisitions, LLC, 168 AD3d 408, 409 [1st Dept 2019]; Garcia v 1122 E. 180th St. Corp., 250 AD2d 550, 551 [1st Dept 1998]). Plaintiff's evidence was sufficient to conclude that Vinicio fell from the scaffold, and that the absence of proper protection was at least a proximate cause of his accident (see Felker v Corning Inc., 90 NY2d 219 [1997]; Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc., 56 AD3d 264 [1st Dept 2008]).
Defendants failed to raise an issue of fact in opposition. Even construing the unknown facts in their favor — e.g., that the scaffold had railings and working wheel locks or brakes that Vinicio did not engage before his accident — defendants still failed to fulfill their nondelegable duty to furnish Vinicio with adequate safety devices to perform his work (see generally Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985]). Even if, as some witnesses speculated, plaintiff experienced some kind of medical event that caused him to fall off the scaffold, "it was not the sole proximate cause of the accident such as would absolve defendants" (Lajqi v New York City Tr. Auth., 23 AD3d 159 [1st Dept 2005]; see also e.g. Deschaine v Tricon Constr., LLC, 187 AD3d 599, 600 [1st Dept 2020]). Finally, even if Vinicio was intoxicated at the time of his accident, a worker's alcohol "use amounts, at most, to comparative negligence[,] which is not a defense to a Labor Law § 240 (1) claim" (Samuel v Simone Dev. Co., 13 AD3d 112, 113 [1st Dept 2004]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025