DaSilva v Super P57, LLC (2025 NY Slip Op 06274)

DaSilva v Super P57, LLC

2025 NY Slip Op 06274

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 160766/17|Appeal No. 5182|Case No. 2024-04548|

[*1]Ivoir DaSilva, et al., Plaintiffs-Respondents-Appellants,
v
Super P57, LLC, et al., Defendants-Appellants-Respondents.

Cullen and Dykman LLP, New York (Michael E. Joseph of counsel), for appellants-respondents.
Lisa M. Comeau, Garden City, for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about June 21, 2024, which denied that branch of defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 240(1) claim, and granted those branches of the motion seeking dismissal of plaintiffs' claims under Labor Law §§ 241(6) and 200, and common-law negligence claims, and granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law §§ 240(1) and 241(6) to the extent of granting summary judgment on the claim under Labor Law § 240(1), unanimously modified, on the law, without costs, to deny as academic the branches of defendants' motion as sought summary judgment dismissing plaintiffs' claims under Labor Law §§ 200 and 241(6), and to deny as academic the branch of plaintiffs' motion seeking partial summary judgment on the issue of liability on their claims under Labor Law §§ 241(6), and otherwise affirmed, without costs.
Plaintiffs' evidence established that the accident occurred because the injured plaintiff fell from a height which was not de minimis, thus warranting the protections of Labor Law § 240(1). Plaintiff testified that he was standing on a plank that was 3 to 4½ feet above the metal awning onto which he fell when the unsecured plank suddenly shifted and tipped. This Court has held that "[t]here is no bright-line minimum height differential that determines whether an elevation hazard exists" (Palumbo v Citigroup Tech., Inc., 240 AD3d 455 [1st Dept 2025] [internal quotation marks omitted]). Plaintiff further established that the fall prevention system employed at the time of the accident was not properly designed and constituted a proximate cause of the injury, as there were no tie-off points located at least two feet above where he was standing on the plank. Further, his restraint system did not prevent him from landing forcefully on the awning beneath the makeshift plank platform.
We reject defendants' argument that plaintiff was the sole proximate cause of his injuries because he was reckless in moving about the plank, did not tie down the plank with available clamps and/or ropes located in a shanty, and did not utilize a scissor lift that was on the worksite. Even assuming that plaintiff knew the clamps/tie-downs were in the shanty, there was no evidence offered to show the plaintiff deliberately disobeyed a direct instruction to use them — conduct which must be shown to support a recalcitrant worker defense (see Vitucci v Durst Pyramid LLC, 205 AD3d 441, 444 [1st Dept 2022]). Defendants' contention that plaintiff disobeyed a directive of the site safety manager to use the scissor lift to perform his elevated faÇade scraping work was not raised below and is unpreserved (see Ervin v Consolidated Edison of N.Y., 93 AD3d 485, 485 [1st Dept 2012]). In any event, there is no evidence in the record, including from defendants' expert, to show that the scissor lift would have allowed the workers to safely perform their work. Finally, the existence of multiple safety device shortcomings that led to plaintiff's accident logically bar any argument that plaintiff was the sole proximate cause of his injury (see Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601, 604-605 [1st Dept 2022]).
Because the motion court correctly found that plaintiff was entitled to partial summary judgment on his Labor Law § 240(1) claim, his claims pursuant to Labor Law §§ 200 and 241(6) are academic (see e.g. Suazo v 501 Madison-Sutton LLC, 235 AD3d 513, 513 [1st Dept 2025]; Viruet v Purvis Holdings LLC, 198 AD3d 587, 588-589 [1st Dept 2021]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025