OPINION OF THE COURT
 

 Memorandum. .
 

 The order of the Appellate Division should be modified by granting Bowery Savings Bank and Swanke Hayden Connell & Partners judgment over against Atlantic Scaffold & Ladder Co. and Rambusch Decorating Co. on the basis of full contractual indemnity and, as so modified, affirmed.
 

 The accident to plaintiff, a painter employed by Rambusch, occurred when he fell from scaffolding in the interior of the main headquarters of the Bowery Savings Bank which was undergoing a major renovation. The controversy at this stage is essentially among the contractors, an agent and the owner.
 

 While we affirm the judgment based on a jury verdict, in favor of the injured plaintiff employee under Labor Law § 240 (1), we conclude that the contractual indemnity claims among the various defendants must be corrected.
 

 In pertinent part, Labor Law § 240 (1) provides that all contractors, owners and their agents shall furnish and erect or cause to be furnished or erected on building construction, renovation, repair or demolition sites, scaffolding and other devices which will give proper protection to persons employed in such labor. The contracts, to which both Atlantic and Rambusch subscribed, contained an indemnity agreement requiring "[e]ach Contractor [to] indemnify the Bank and the Architects against claims arising from his work, to the fullest extent permitted by law”. A separate contractual provision required each contractor to "indemnify and save harmless the Owner * * * and their respective employees and agents from and against all losses and all claims, demands, payments, suits, actions, recoveries, and judgments of every nature and description brought or recovered against them by reason of any omission or act of the contractor, his agents or employees, in the execution of the work or in the guarding of it.”
 

 The scaffolding contractor, Atlantic, contracted to provide, erect and maintain the scaffolding and other equipment for
 
 *777
 
 the safety of those working on the job. Consequently, there can be no question that Atlantic was properly found liable to plaintiff for his injuries (Labor Law § 240 [1];
 
 Russin v Picciano & Son,
 
 54 NY2d 311, 318;
 
 Haimes v New York Tel. Co.,
 
 46 NY2d 132). There is also support in the record for the affirmed factual finding that Swanke, by virtue of its activity at the jobsite, was Bowery’s agent within the meaning of Labor Law § 240 (1) and thus both were properly liable to plaintiff.
 

 Swanke and Bowery are, however, entitled to full contractual indemnification from Atlantic and Rambusch who erroneously claim that Bowery and Swanke should be limited only to contribution because the indemnity clause does not contain express language referring to the negligence of the indemnitee. A party is entitled to full contractual indemnification provided that the "intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances”
 
 (Margolin v New York Life Ins. Co.,
 
 32 NY2d 149, 153;
 
 see also, Hogeland v Sibley, Lindsay & Curr Co.,
 
 42 NY2d 153, 159;
 
 Rodriguez v Baker,
 
 91 AD2d 143, 146,
 
 affd for reasons stated below
 
 61 NY2d 804). Moreover, full contractual indemnification was not prohibited by the statute in effect at the time of this accident
 
 (see,
 
 General Obligations Law former § 5-322.1, as amended by L 1981, ch 964;
 
 Quevedo v City of New York,
 
 56 NY2d 150).
 

 The remaining issues raised are either without merit or not preserved for review by this court.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order modified in accordance with the memorandum herein, with costs to Bowery Savings Bank and Swanke Hayden Connell and Partners against Atlantic Scaffold & Ladder Company, Inc. and Rambusch Decorating Co. and, as so modified, affirmed, with costs to plaintiffs against Atlantic, Bowery and Swanke.