■ COLBY ZEIGLER-BONDS et al., Plaintiffs, v STRUCTURE TONE, INC., et al., Defendants. STRUCTURE TONE, INC., Third-Party Plaintiff-Respondent, v ZWICKER ELECTRIC COMPANY, INC., Third-Party Defendant-Appellant. [664 NYS2d 799] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered September 5, 1996, which denied the motion of third-party defendant subcontractor, plaintiff's employer, for summary judgment dismissing the third-party complaint and the complaint, and granted third-party plaintiff general contractor's cross motion for summary judgment on its cause of action for contractual indemnification, unanimously modified, on the law, to deny the general contractor's cross motion for summary judgment, and otherwise affirmed, without costs.

Plaintiff alleges that she was injured on a construction site when she slipped on a greasy substance and fell down a flight of stairs while carrying a crate of coffee she was bringing to her co-workers. The purchase order retaining plaintiff's employer, an electrical subcontractor, contained a clause under which it was to indemnify and hold harmless the general contractor and owner from all personal injury claims arising out of the work described in the purchase order, provided such

claims were "caused in whole or in part by any negligent act or omission of the Subcontractor, any sub-contractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder". The subcontractor's motion for summary judgment was properly denied insofar as it sought dismissal of the third-party complaint, there being issues of fact as to whether the subcontractor, or a party for which it was responsible under the indemnity clause, was negligent in allowing plaintiff to carry a crate loaded with coffee down the staircase. Also properly denied was that portion of the subcontractor's motion as sought to dismiss plaintiff's complaint, which, to the extent it is based on Labor Law § 241 (6) and 12 NYCRR 23-1.7 (d), need not have alleged that the owner or the general contractor had actual notice of the slippery condition (*see, Leon v J & M Peppe Realty Corp.*, 190 AD2d 400, 408-409, citing *Tuohey v Gainsborough Studios*, 183 AD2d 636). However, it was error to grant the general contractor's cross motion for summary judgment on its contractual indemnity claim, since issues exist, first, as to whether its negligence, if any, in failing to properly maintain the stairways contributed to the accident, in which event the indemnity clause, which contemplates a complete rather than partial shifting of liability, would be unenforceable under General Obligations Law § 5-322.1 (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786), and, second, as to whether the negligence, if any, of the subcontractor or a party for whom it was responsible contributed to the accident, in the absence of which the indemnity clause would not apply (*see, Malecki v Wal-Mart Stores,* 222 AD2d 1010). Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Mazzarelli, JJ.