■ MAURICIO D. CORREA, Respondent, v 100 WEST 32ND ST. REALTY CORP., Respondent, and TURN OF THE CENTURY RESTAURANT CORP., Appellant. (And a Third-Party Action.) [736 NYS2d 334] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about May 2, 2001, which, in an action by a laborer for personal injuries sustained when he fell off a scaffold on defendant-appellant commercial tenant's premises, insofar as appealed from as limited by the briefs, granted defendant-respondent landlord's motion for summary judgment as to liability on its cross claim for contractual indemnification against the tenant, unanimously affirmed, without costs.

The tenant's obligation under the lease to indemnify the landlord for any liability arising from "the carelessness, negligence or improper conduct of * * * Tenant's * * * contractors" was properly invoked on a record establishing that the tenant's contractors provided plaintiff with an unstable scaffold and failed to provide him with any safety devices. General Obligations Law §§ 5-321 and 5-322.1 do not bar enforcement of the lease's indemnification provision where there is no evidence of any negligence by the landlord, which did not supervise or control plaintiff's work and whose liability to plaintiff is purely statutory (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 175, 178-181). We note that we have no jurisdiction to review the aspect of the order denying plaintiff's cross motion insofar as it sought summary judgment

as to the tenant's liability under Labor Law § 240 (1), because no party aggrieved thereby has taken an appeal. However, we would also note that a tenant who hires contractors to perform work on the leased premises is generally subject to liability under Labor Law § 240 (1) (*see, e.g., Bart v Universal Pictures*, 277 AD2d 4, 5). Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.