■ EUNICE RIVERA, Plaintiff, v URBAN HEALTH PLAN, INC., Appellant, and PRIME CONTRACTING DESIGN CORP., Respondent. (And a Third-Party Action.) [781 NYS2d 316]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered January 12, 2004, which, to the extent appealed from as limited by its briefs, denied that portion of defendant Urban Health Plan, Inc.'s motion for summary judgment which sought contractual indemnification against codefendant Prime Contracting Design Corp., unanimously reversed, on the law, without costs, and the motion granted upon condition of a finding of negligence on the part of Prime Contracting Design Corp.

Urban Health Plan, Inc. (Urban) owned the property designated as 1065 Southern Boulevard, Bronx, New York, and, pursuant to a written contract dated June 25, 1999, hired Prime Contracting Design Corp. (Prime) to build a community health care facility at that location. Prime, as part of the construction

project, obtained a permit from the City of New York to close a section of the sidewalk, and thereafter erected a temporary walkway adjacent to the closed portion of the sidewalk. Plaintiff Eunice Rivera commenced this action against Urban and Prime and alleged that she sustained injuries when her foot got caught in a hole in the temporary sidewalk, causing her to fall to the ground.

Urban subsequently moved for summary judgment seeking, inter alia, common-law and contractual indemnification against Prime. The motion court, inter alia, denied that portion of the motion which sought contractual indemnification on the ground that the issue will be premature until there is an apportionment of fault. Urban appeals and we now reverse to the extent indicated herein.

Paragraph 3.18 of the contract provides, in relevant part, that: "To the fullest extent permitted by law . . . the Contractor [Prime] shall indemnify and hold harmless the Owner [Urban] . . . against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury . . . , but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder."

Moreover, the deposition testimony of Prime's project manager, Lewis Spann, Jr., indicates that Prime erected the temporary sidewalk and inspected it twice daily to ensure that it was clear and safe for pedestrians, and that he regularly checked the walkway for holes or depressions. Mr. Spann also testified that it was Prime's custom and practice to repair any hole that was discovered by filling it with gravel. Conversely, the evidence demonstrates that there was no negligence on the part of Urban, as it had no part in the construction, inspection or maintenance of the temporary sidewalk. Accordingly, in view of the foregoing submissions and the indemnification clause embodied in the contract, we find that Urban was entitled to summary judgment on the issue of contractual indemnification, conditioned on a finding of negligence on the part of Prime (see Crimi v Neves Assoc., 306 AD2d 152, 154 [2003]; see also Zeigler-Bonds v Structure Tone, Inc., 245 AD2d 80, 81 [1997]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.