■ ENRIQUE TORRES et al., Plaintiffs, v MORSE DIESEL INTERNATIONAL, INC., Appellant, and WESTMONT ASSOCIATES, INC., Respondent. (And Other Actions.) [788 NYS2d 97]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about October 16, 2003, which denied defendant and third-party plaintiff Morse Diesel's motion for summary judgment on its claim for contractual indemnification against Westmont, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff Enrique Torres was injured in a work site accident on April 29, 1999, after the ladder he was working on suddenly collapsed, causing him to fall. The accident occurred on the roof of the City University of New York Graduate Center, a building owned by the New York State Dormitory Authority (NYSDA). To accomplish the instant renovation project, NYSDA hired appellant Morse Diesel as construction manager and defendant Westmont as the general roofing contractor. Westmont, in turn, subcontracted the roofing work to plaintiff's employer, National Roofing. The NYSDA-Westmont contract contained broad indemnification provisions requiring Westmont to indemnify NYSDA and the construction manager (Morse Diesel) for all liability or injury "caused by, resulting from, arising out of, or occurring in connection with the execution of the [contract] Work."

Plaintiffs commenced the instant action against Morse Diesel and Westmont alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and both defendants commenced separate third-party actions against National seeking indemnification. In prior proceedings, Supreme Court granted plaintiffs' motion for summary judgment against Morse Diesel and Westmont on the Labor Law § 240 (1) claim, and further granted Westmont's motion for summary judgment against National for indemnification.

Morse Diesel then brought the instant motion for summary judgment against Westmont on its claim for contractual indemnification.* The motion court denied the relief without explanation. We reverse.

Supreme Court erred in denying Morse Diesel's motion for summary judgment on its contractual indemnification claim

---

* Morse Diesel's motion sought additional relief against Westmont and National, but the motion court's rulings on these claims are not at issue on this appeal.

against Westmont. "A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances' " (*Drzewinski v Atlantic Scaffold & Ladder Co., Inc.*, 70 NY2d 774, 777 [1987], quoting *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). The contract between NYSDA and Westmont plainly requires Westmont to indemnify Morse Diesel for all personal injury claims "caused by, resulting from, arising out of, or occurring in connection with the execution of the [contract] Work." Since the work plaintiff was performing on behalf of his employer National at the time he was injured plainly constituted "Work" required under the NYSDA-Westmont contract, the contractual indemnity provision was triggered by plaintiff's personal injury claim.

We reject Westmont's argument that summary judgment was properly denied on the ground that issues of fact exist as to whether Morse Diesel was negligent in failing to detect the unsafe practice plaintiff was engaged in at the time of his injury. Morse Diesel has persuasively demonstrated that there is no evidence in the record that it actually directed, controlled or supervised plaintiff's work or was responsible for doing so. Nor was there any proof that Morse Diesel was on notice of any dangerous condition regarding the use of the ladder or that it supplied the ladder in question (*see Masciotta v Morse Diesel Intl., Inc.*, 303 AD2d 309, 312 [2003]). Rather, the record shows that Westmont was contractually obligated to supply the necessary equipment for the roofing work and it was plaintiff's employer, National, that actually directed its use.

Morse Diesel's contractual duties to supervise and enforce general safety standards at the work site did not create an issue of fact as to its negligence. As this Court stated in *Buccini v 1568 Broadway Assoc.* (250 AD2d 466, 469 [1998]): "The general duty to supervise the work and ensure compliance with safety regulations does not amount to supervision and control of the work site such that the supervisory entity would be liable for the negligence of the contractor who performs the day-to-day operations." Accordingly, in the absence of any evidence of negligence or misconduct by Morse Diesel, its motion for summary judgment on its contractual indemnification claim against Westmont should have been granted (*Masciotta v Morse Diesel Intl., Inc.*, 303 AD2d at 312; *Buccini v 1568 Broadway Assoc.*, 250 AD2d at 469). Concur—Tom, J.P., Andrias, Saxe, Friedman and Gonzalez, JJ.