■ ROBERT EVERSFIELD, Plaintiff, v BRUSH HOLLOW REALTY, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendants. NASTASI AND ASSOCIATES, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [904 NYS2d 759]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated December 11, 2008, as granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification is denied.

The appellants Cauldwell-Wingate Company, Inc., and Cauldwell-Wingate Company, LLC (hereinafter together Cauldwell), were the general contractors for a construction project. The appellant Brush Hollow Realty, LLC, is the owner of the construction site. Cauldwell contracted with Nastasi and Associates, Inc. (hereinafter Nastasi), to install drywall at that construction site. The plaintiff, an employee of Nastasi, was injured when he fell as a result of the alleged improper placement of a portable restroom located at the site of the construction project.

"A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances' " (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987], quoting *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). Nastasi, pursuant to its contract with Cauldwell, had agreed to indemnify Cauldwell and the defendant/third-party plaintiff Brush Hollow Realty, LLC (hereinafter collectively the appellants), for any "claim, demand, cause of action, loss, expense or liability . . . arising directly or indirectly out of the acts or omissions of [Nastasi] or its subcontractors, suppliers or agents, or the employees, in the performance of the work . . . *or* arising from the use or operation by [Nastasi] of construction equipment, tools, scaffolding or facilities furnished to [Nastasi] by [the general contractor] to perform the Work" (emphasis supplied).

Nastasi's submissions failed to establish its prima facie entitlement to judgment as a matter of law. Nastasi contends that toilets furnished at the job site are not "facilities" within the meaning of the indemnification clause of its contract with Cauldwell. We disagree. Since the use of portable toilets at a construction site is frequently a "necessary and unavoidable

activity" in the performance of the work (*Turner Constr. Co. v Pace Plumbing Corp.*, 298 AD2d 146, 147 [2002]), such toilets constitute "facilities" within the contemplation of the indemnification clause, and Nastasi may potentially be held liable for contractual indemnification.

In light of our determination, we need not reach Nastasi's contention that the plaintiff's accident did not arise, either directly or indirectly, from Nastasi's acts or omissions in the performance of the work it undertook, or was obligated to undertake, at the work site.

Nastasi's remaining contentions either are not properly before this Court or need not be reached in light of our determination.

Accordingly, the Nastasi's motion for summary judgment dismissing the third-party cause of action for contractual indemnification should have been denied, regardless of the sufficiency of the papers submitted in opposition. Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.