■ Jorge Clavijo, Respondent, v Atlas Terminals, LLC, et al., Appellants, et al., Defendant. Atlas Terminals, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents, v Marlite Construction Corp., Also Known as Marlite Construction Company, Inc., Third-Party Defendant-Respondent-Appellant. [961 NYS2d 113]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered February 14, 2012, which, to the extent appealed from as limited by the briefs, denied the motion by defendants/third-party plaintiffs (collectively, Atlas) for summary judgment on their claim for contractual indemnification against third-party defendant (Marlite), and granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously modified, on the law, to grant Atlas's motion, and otherwise affirmed, without costs.

Plaintiff was injured in the course of building a mezzanine floor by nailing plywood to beaming when he stepped through a ceiling tile he believed to be plywood and fell to the concrete floor below. Plaintiff established his entitlement to summary judgment under Labor Law § 240 (1) by showing that Atlas failed to provide any safety devices that would have prevented his fall (*see Bland v Manocherian*, 66 NY2d 452, 459 [1985]).

In opposition, Atlas failed to raise an issue of fact whether plaintiff was a recalcitrant worker or the sole proximate cause of his accident (*see Eustaquio v 860 Cortlandt Holdings, Inc.*, 95 AD3d 548 [1st Dept 2012]). The only evidence it submitted was the testimony of the owner of Marlite, plaintiff's employer, that safety harnesses were available at the site but that he did not know where they were kept or whether plaintiff knew of their existence.

Marlite's lease obligated it to indemnify Atlas for any losses resulting from its (Marlite's) breach of any covenant or condition of the lease or from any carelessness, negligence or improper conduct on its part. This indemnification obligation is triggered by Marlite's sending plaintiff to work on a mezzanine under construction on which the floor beams were only partially covered, some with ceiling tiles, without safety equipment (*see Correa v 100 W. 32nd St. Realty Corp.*, 290 AD2d 306 [1st Dept 2002]).

We have considered Marlite's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 30340(U).]**