Sanchez v Triton Constr. Co., LLC (2020 NY Slip Op 03475)





Sanchez v Triton Constr. Co., LLC


2020 NY Slip Op 03475


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11680 308930/09 84042/14

[*1] Joe Sanchez, Plaintiff-Respondent, 
v
Triton Construction Company, LLC, et al., Defendants-Respondents-Appellants.
Canatal Industries, Inc., Third-Party Defendant-Appellant,
v
Low Bid Inc. doing business as Low Bid Erector, Second Third-Party Defendant-Respondent.


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City (Beth L. Rogoff-Gribbins of counsel), for Low Bid Inc., respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered on or about June 3, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Canatal Industries, Inc.'s motion for summary judgment dismissing defendant Triton Construction's common-law indemnification claim against it, and for summary judgment on its contractual indemnification claim against second third-party defendant Low Bid Inc., unanimously reversed, on the law, without costs and the motion granted as to defendant Triton Construction's common-law indemnification claim against it, and Canatal's contractual indemnification claim against Low Bid, without costs.
Plaintiff, an employee of Low Bid, allegedly slipped on oil spilled on the floor at the work site. Trade contractor Canatal established prima facie that it was not negligent in connection with this accident and therefore that general contractor Triton's claim against it for common-law indemnification should be dismissed (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). In opposition, Triton failed to raise an issue of fact. It is uncontested that Canatal was not present on the work site, other than to deliver materials it had fabricated, and had subcontracted the installation portion of its contract with Triton to Low Bid. Thus, its employees could not have caused the dangerous condition alleged (id.). Further, Canatal had no duties relative to the work site's overall cleanliness; Triton had subcontracted laborers for that purpose.
Canatal established prima facie that Low Bid owes it contractual indemnification. In opposition, Low Bid failed to raise an issue of fact. The indemnification provision was triggered by the fact that the accident arose out of Low Bid's work (see Torres v Morse Diesel Intl., Inc., 14 AD3d 401 [1st Dept 2005]). The indemnification provision in Low Bid's subcontract, which requires Low Bid to indemnify Canatal for claims or damages resulting from injuries arising out of Low Bid's work under the subcontract, "[t]o the fullest extent permitted by law," contemplates indemnification only to the extent Canatal is not negligent. Therefore, the provision is not void under General Obligations Law § 5—322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 [2008]). As indicated, there is no evidence of any negligence on the part of Canatal, which did not supervise or control plaintiff's work, bear any responsibility for the cleanliness of the work [*2]site, or contribute to the creation of the dangerous condition (see Torres, 14 AD3d at 403; Correa v 100 W. 32nd St. Realty Corp., 290 AD2d 306 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK