Pelote v Berean Apts. Hous. Dev. Fund Co., Inc. (2020 NY Slip Op 06400)





Pelote v Berean Apts. Hous. Dev. Fund Co., Inc.


2020 NY Slip Op 06400


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 305117/15 Appeal No. 12322 Case No. 2020-01012 

[*1]Marion Pelote, Plaintiff,
v
Berean Apartments Housing Development Fund Company, Inc., et al., Defendants.
Berean Apartments, LLC, Third-Party Plaintiff-Respondent,
v
Procida Construction Corp., Third-Party Defendant-Appellant.


Brody, O'Connor & O'Connor, New York (Iain McLeod of counsel), for appellant.
Lydecker Diaz, Melville (Robert Graves-Grimal of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about December 19, 2019, which grant third-party plaintiff Berean Apartments, LLC's (Berean) motion for summary judgment on its contractual indemnification claim against third-party defendant Procida Construction Corp. (Procida), unanimously modified, to the extent of conditioning the grant of summary judgment upon a finding of negligence on the part of Procida, and otherwise affirmed, without costs.
The indemnification provision in the contract between Berean and Procida was triggered by the fact that the alleged accident arose out of Procida's work (see Torres v Morse Diesel Intl., Inc., 14 AD3d 401, 403 [1st Dept 2005]). The indemnification provision is clear and unambiguous, and demonstrates an intention to indemnify (see generally Karwowski v 1407 Broadway Real Estate, LLC, 160 AD3d 82,87-88 [1st Dept 2018]).
The terms of the contract, as well as the testimony of both parties' representatives, also established that it was Procida's duty to maintain the site at the time the alleged accident occurred. Berean demonstrated that it was not involved in the construction work itself, and Procida identified no evidence of negligence on the part of Berean (see Sanchez v Triton Constr. Co., LLC, 184 AD3d 501, 503 [1st Dept 2020]).
However, the indemnification provision here provides that Procida would indemnify Berean for any claims, damages, losses, and expenses "arising out of or resulting from performance of the Work," but only to the extent those claims were caused by Procida's or its subcontractors' negligent acts. In view of this provision, the grant of summary judgment in favor of Berean on its third-party action against Procida for contractual
indemnification must be conditioned upon a finding of Procida's negligence (see Rivera v Urban Health Plan, Inc., 9 AD3d 322, 323 [1st Dept 2004]; Crimi v Neves Associates, 306 AD2d 152 [1st Dept 2003]; Zeigler—Bonds v Structure Tone, 245 AD2d 80, 81 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020