Rubio v Ezra Cohen Corp. (2022 NY Slip Op 03355)





Rubio v Ezra Cohen Corp.


2022 NY Slip Op 03355


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 158029/15, 5952019/17, 595562/19 Appeal No. 15994 Case No. 2021-01569 

[*1]Arnaldo Rubio, Plaintiff-Respondent,
v
Ezra Cohen Corp. et al., Defendants-Appellants, The City of New York, Defendant.
Ezra Cohen Corp. et al., Third-Party Plaintiffs-Appellants,
v
Jones Lang LaSalle et al., Third-Party Defendants-Respondents.
Jones Lang LaSalle Americas, Inc., Second Third-Party Plaintiff-Respondent,
v
CGNY Renovations, Inc., Second Third-Party Defendant-Respondent.


Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for appellants.
McGaw & Alventosa, Jericho (Ross P. Masler of counsel), for Jones Lang LaSalle Americas, Inc., respondent.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered April 6, 2021, which, to the extent appealed from as limited by the briefs, denied defendants Ezra Cohen Corp. and HSBC North America's motion for summary judgment on their claim for contractual indemnification against third-party defendant Jones Lang LaSalle Americas (JLL), unanimously reversed, on the law, without costs, and the motion granted upon the condition that JLL is found to have been negligent in connection with plaintiff's accident.
Defendant established its entitlement to conditional summary judgment on its contractual indemnification claim against JLL pending a determination that JLL was negligent in maintaining and repairing the sidewalk on which plaintiff was allegedly injured (see Pelote v Berean Apts. Hous. Dev. Fund Co., Inc., 188 AD3d 467 [1st Dept 2020]; Rivera v Urban Health Plan, Inc., 9 AD3d 322 [1st Dept 2004]; see also Allergan Fin., LLC v Pfizer Inc., 188 AD3d 402, 403-404 [1st Dept 2020]). The services agreement between HSBC and JLL provides that JLL will indemnify HSBC against any and all damages, losses, etc. suffered or incurred by HSBC arising out of or in connection with a personal injury "caused by the negligence of [JLL], [its affiliate, personnel or sub-contractor]." The language of this provision establishes as a matter of law the "unmistakable intent of the parties" to indemnify HSBC in the event JLL is found negligent and regardless of HSBC's negligence (see Levine v Shell Oil Co., 28 NY2d 205, 212 [1971]; see also Shah v 20 E. 64th St., LLC, 198 AD3d 23, 42-44 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022