## Board of Mgrs. of the 443 Greenwich St. Condominium v SGN 443 Greenwich St. Owner LLC

2024 NY Slip Op 34308(U)

December 4, 2024

Supreme Court, New York County

Docket Number: Index No. 656934/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM,

Plaintiff,

- v -

SGN 443 GREENWICH STREET OWNER LLC, SGN 443 GREENWICH STREET FEE OWNER LLC,SGN 443 GREENWICH STREET ASSOCIATES LLC,JS GREENWICH LLC,NB 443 GREENWICH STREET LLC,NATHAN BERMAN, JACK BERMAN, MARC L. FRIED, CETRA/CRI ARCHITECTURE PLLC,CETRARUDDY ARCHITECTURE D.P.C.,JOHN A. CETRA, GREENWICH 2D LLC,GREENWICH 4D LLC,GREENWICH 4H LLC,GREENWICH 3F LLC,GREENWICH 4E LLC,GREENWICH 2F LLC,GREENWICH PHD LLC,AVERY TRUST,

Defendants.

------------------------------------------------------------------------------X

SGN 443 GREENWICH STREET OWNER LLC, SGN 443 GREENWICH STREET FEE OWNER LLC, SGN 443 GREENWICH STREET ASSOCIATES LLC, JS GREENWICH LLC, NB 443 GREENWICH STREET LLC, NATHAN BERMAN, JACK BERMAN, MARC FRIED

Plaintiffs,

-against-

UNIQUE ROOFING OF NEW YORK, INC., HORSEPOWER ELECTRIC AND MAINTENANCE CORP., PRESERV BUILDING RESTORATION MANAGEMENT INCORPORATED, CADCO SALES CORP. D/B/A CHRISTIE OVERHEAD DOORS, LLC & DIAMOND DOOR, COSENTINI ASSOCIATES 2 LLC D/B/A TETRA TECH ENGINEERS, ARCHITECTS & LANDSCAPE ARCHITECTS, P.C., CTS GROUP ARCHITECTURE, PLANNING, P.A., DEMAR PLUMBING CORP., WATERMARK DESIGNS, LLC, DIRECT FLOORING, INC., DER SPECIALTY PRODUCTS, LLC D/B/A VIRTUWOOD FLOORING, HERITAGE MECHANICAL SERVICES, INC., KSW MECHANICAL SERVICES, INC., LIF INDUSTRIES INC. D/B/A LONG ISLAND FIREPROOF DOOR, INC., FM NY, INC., ROCKAWAY CONTRACTING CORP., SD STAIRS & RAILING CORP., SPRAY-RITE LLC D/B/A A-RITE FIRE PROTECTION SERVICES LLC, URBAN-SUBURBAN

| | |
|---|---|
| **INDEX NO.** | 656934/2021 |
| **MOTION DATE** | 07/11/2024 |
| **MOTION SEQ. NO.** | 019 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595834/2023

**656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.**
**SGN 443 GREENWICH STREET OWNER LLC ET AL**
**Motion No.  019**

Page 1 of 6

1 of 6

RECREATION, INC. D/B/A U.S. RECREATION, INC.

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PRESERV BUILDING RESTORATION MANAGEMENT INCORPORATED | Second Third-Party Index No. 596006/2023 |

Plaintiff,

-against-

EMPIRE RESTORATION GROUP INC.

Defendant.

-------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 019) 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 958, 964, 965, 966, 967, 968, 976

were read on this motion to            DISMISS THIRD-PARTY COMPLAINT         .

Third-Party Defendant CTS GROUP ARCHITECTURE/PLANNING, P.A. ("CTS")

moves to dismiss the third-party claims asserted against it by the Sponsor Defendants.[1]  The

Sponsor Defendants partially oppose this motion.  For the following reasons, CTS's motion is

granted.

## BACKGROUND

This case arises out the renovation, conversion, and sale of the premises located at 443

Greenwich Street, New York, New York 10013 ("the Premises").   The Amended Complaint

filed by Plaintiff Board of Managers of the 443 Greenwich Street Condominium ("Plaintiff")

---

[1] Defendants/third-party plaintiffs, SGN 443 GREENWICH STREET OWNER LLC ("443 Owner"), SGN 443 GREENWICH STREET FEE OWNER LLC ("443 Fee"), SGN 443 GREENWICH STREET ASSOCIATES LLC ("443 Associates"), JS GREENWICH LLC ("JS"), NB 443 GREENWICH STREET LLC ("NB"), NATHAN BERMAN ("Nathan Berman"), JACK BERMAN ("Jack") and MARC L. FRIED ("Fried") (hereinafter collectively referred to as the "Sponsor Defendants").

**656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.**         **Page 2 of 6**
**SGN 443 GREENWICH STREET OWNER LLC ET AL**
**Motion No.  019**

2 of 6

[* 2]

asserts claims against the Sponsor Defendants sounding in breach of contract, breach of fiduciary duty, and fraud (*see* NYSCEF 937).

The Sponsor Defendants, in turn, commenced a third-party action against numerous entities, including CTS, alleging four causes of action: common law indemnification (first cause of action), common law contribution (second cause of action), contractual indemnification (third cause of action), and breach of contract for failure to procure insurance (fourth cause of action) (*see* NYSCEF 938 ["Third-Party Compl"]).

As relevant here, the Third-Party Complaint alleges that "[o]n or about August 9, 2012, CTS GROUP entered into a subcontract with 443 Greenwich Street regarding the façade restoration at the Project located at 443 Greenwich Street" (Third-Party Compl ¶64). It further alleges that "[p]ursuant to the subcontract, CTS GROUP agreed to indemnify, defend and hold harmless Third-Party Plaintiffs to the fullest extent permitted by law. Pursuant to the subcontract, CTS GROUP agreed to purchase and maintain commercial general liability insurance, and name Third-Party Plaintiffs as additional insured" (*id.* ¶¶65-66).

The purported CTS "subcontract" attached to the Third-Party Complaint is a Proposal addressed to and accepted by non-party 443 Developer LLC on August 9, 2012 ("the Proposal") (NYSCEF 124; 936). The document contains no reference to indemnification or obtaining insurance. The text of the Proposal ends with an offer to "discuss," asks the counterparty to sign if the proposal is "appropriate," and indicates that CTS "will subsequently provide an AIA Owner-Architect Agreement consistent with this Proposal." Below the countersignature by non-party 443 Developer is the following handwritten note: "Terms and conditions to follow, to be agreed upon. Non-binding proposal subject to execution of complete contract." No other purported contract with CTS is referenced in or attached to the Third-Party Complaint.

In response to Sponsor Defendants' Request for Interrogatories, CTS confirmed that it provided plans, drawings, conditions assessments, specifications and related consultation services in connection with the exterior façade restoration at the Premises (NYSCEF 941 ¶6). CTS now moves to dismiss the Third-Party Complaint as alleged against it pursuant to CPLR §3211(a)(1) and CPLR §3211(a)(7).[2]

## DISCUSSION

On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a claim, the court is to "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "A motion to dismiss pursuant to CPLR 3211(a)(1) should be granted only where the documentary evidence that forms the basis of the defense utterly refutes the plaintiff's factual allegations, and conclusively disposes of the plaintiff's claims as a matter of law" (*Nero v Fiore*, 165 AD3d 823, 826 [2d Dept 2018]).

The Sponsor Defendants' claims for contractual indemnification and failure to procure insurance are dismissed. "The right to contractual indemnification depends upon the specific language of the contract. The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*Mogrovejo v HG Hous. Dev. Fund Co., Inc.*, 207 AD3d 461, 462-63 [2d Dept

---

[2] In view of the Court's May 24, 2024 Decision and Order on third-party defendant Cosentini Associates 2 LLC d/b/a Tetra Tech Engineers, Architects & Landscape Architects, P.C.'s motion to dismiss the third-party complaint (NYSCEF 871; (NYSCEF 940 ["Tr"] at 50:3-9), the Sponsor Defendants do not dispute the dismissal of the First Cause of Action (Common Law Indemnification) and Second Cause of Action (Common Law Contribution) as against CTS Group. Accordingly, these claims are dismissed.

**656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.**                    **Page 4 of 6**
**SGN 443 GREENWICH STREET OWNER LLC ET AL**
**Motion No.  019**

4 of 6

2022] [internal citations omitted]; *see also Drzewinski v Atl. Scaffold & Ladder Co., Inc.*, 70 NY2d 774, 777 [1987] ["A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'"]).

Here, as noted, the Sponsor Defendants allege that CTS "entered into a subcontract with 443 Greenwich Street regarding the façade restoration" at the Premises whereby CTS agreed to indemnify, defend, and hold harmless the third-party plaintiffs as well as maintain commercial general liability insurance naming the third-party plaintiffs as additional insureds (Third-Party Compl ¶¶64-66). However, the Sponsor Defendants fail to point to any language in the Proposal —which is the only purported contract attached to the Third-Party Complaint—whereby CTS agreed to indemnification or to maintain commercial general liability insurance.

The Sponsor Defendants do not dispute this. Rather, they argue that because CTS failed to provide an AIA Owner-Architect Agreement consistent with the Proposal (*see* NYSCEF 936 ["We will subsequently provide an AIA Owner-Architect Agreement consistent with this Proposal"]), which they infer based on dealings with a different architect on the project *would have* included indemnification and insurance provisions, this raises a question of fact as to whether CTS Group breached a duty under the proposal to deliver the AIA Owner-Architect Agreement. The Sponsor Defendants further argue that this raises issues of fact regarding whether indemnification and additional insured provisions were reasonably contemplated by the parties, and whether Sponsor Defendants were to be covered by those provisions.

This string of inferences is not at all persuasive. Even assuming for present purposes that the Sponsor Defendants could enforce the terms of the CTS "Proposal," to which it was not a party, there is simply no basis in the document to support an agreement by CTS to indemnify or

656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.          Page 5 of 6
SGN 443 GREENWICH STREET OWNER LLC ET AL
Motion No.  019

5 of 6

[* 5]

to procure insurance. The document expressly contemplates a subsequent contract, which was never executed. The bottom line is that based on the documentary evidence attached to the Third-Party Complaint itself, there are no grounds to infer a binding agreement by CTS to indemnify or to procure insurance for the benefit of Sponsor Defendants. Accordingly, CTS's motion to dismiss is granted.

The Court has considered the Sponsor Defendants' remaining arguments and finds them unavailing.

Accordingly, it is

**ORDERED** that Third-Party Defendant CTS Group Architecture/Planning, P.A.'s motion to Dismiss the Third-Party Complaint as alleged against it is **GRANTED**.

20241204120733JMC0HENB40ABB02E270490B81CD4EA14D15D3EF

_____
**12/4/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.          Page 6 of 6
SGN 443 GREENWICH STREET OWNER LLC ET AL
Motion No. 019

6 of 6