Kozeli v Renali Realty, LLC (2025 NY Slip Op 06135)

Kozeli v Renali Realty, LLC

2025 NY Slip Op 06135

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 26198/20|Appeal No. 5096|Case No. 2025-01279|

[*1]Ilirjan Kozeli, Plaintiff,
v
Renali Realty, LLC, et al., Defendants.
Renali Realty, LLC, Third-Party Plaintiff-Respondent,
v
Subway Real Estate, LLC, Third-Party Defendant-Appellant.

The Law Office of Christopher P. Di Giulio, P.C., New York (Christopher P. Di Giulio of counsel), for appellant.
Law Office of Eric Feldman, New York (Evy L. Kazansky of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered February 4, 2025, which, to the extent appealed from, denied third-party defendant Subway Real Estate, LLC's motion for summary judgment dismissing defendant/third-party plaintiff Renali Realty LLC's contractual indemnification claim, unanimously affirmed, without costs.
Plaintiff Ilirjan Kozeli filed suit claiming injuries as a result of a fall on a stairway located at 64-29 108th Street in Queens, New York, owned by defendant and third-party plaintiff Renali Realty. Renali answered the complaint, and filed a third-party complaint against Subway, the lessee of the premises, asserting, among other things, a claim for contractual indemnification against any recovery by plaintiff.
Section 12 of the original lease between Renali and Subway provides:
"[T]he Landlord is exempt from any and all liability for any damage or injury to person or property caused by or resulting from steam, electricity, gas, water, rain, ice or snow, or any leak or flow from or into any part of said building or from any damage or injury resulting or arising from any other cause or happening whatsoever unless said damage or injury be caused by or be due to the negligence of the Landlord."
The lease's rider required Subway to "procure a general liability policy . . . insuring the Landlord against any liability by reason of any injuries to person or property sustained by anyone in or about the demised premises."
Subway moved for summary judgment dismissing Renali's contractual indemnification claim arguing that the lease agreement and the extension included no provision "obligating Subway to hold harmless Renali in relation to any judgment obtained by plaintiff in the underlying negligence action."
In opposition, Renali argued, based on paragraph 12 of the lease agreement, that Subway was responsible for indemnifying Renali against any recovery by plaintiff.
In reply, Subway argued that Renali had failed to raise a triable issue of fact because a "hold harmless" provision could not be read into paragraph 12 of the lease. Supreme Court denied Subway's motion for summary judgment finding that paragraph 12 of the lease agreement contained a clear requirement that Subway indemnify Renali against any recovery by plaintiff.
The proponent of a summary judgment motion has the burden of submitting evidence in admissible form demonstrating the absence of any triable issues of fact and establishing entitlement to judgment as a matter of law (see Giuffrida v Citibank Corp ., 100 NY2d 72 [2003]; Alvarez v Prospect Hosp ., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr ., 64 NY2d 851 [1985]).�
A party is entitled to full contractual indemnification provided that the "intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (Drzewinski v Atlantic Scaffold & Ladder Co ., 70 NY2d 774, 777 [1987] [internal quotation marks omitted]). Moreover, "the essence of an indemnification agreement is to relieve the promisee of liability" (Kinney v Lisk Co. , 76 NY2d 215, 218 [1990]).
Here, Supreme Court correctly found that issues of fact exist which would preclude summary judgment dismissing Renali's contractual indemnification claim. As stated earlier, the lease provision at issue provides that "the Landlord is exempt from any and all liability for any damage or injury to person or property caused by or resulting from steam, electricity, gas, water, rain, ice or snow, or any leak or flow from or into any part of said building or from any damage or injury resulting or arising from any other cause or happening whatsoever unless said damage or injury be caused by or be due to the negligence of the Landlord." The language: " or from any damage or injury resulting or arising from any other cause or happening whatsoever" can be reasonably read as a catchall clause covering any event occurring on the premises.
While the provision's lack of hold-harmless language is not dispositive and the 2004 lease agreement contains no express indemnification language, the agreement could be construed as indemnifying Renali against third-party claims (see generally Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]; Drzewinski , 70 NY2d at 777). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025