Bermeo v Master Plumbing & Heating, Inc.
2026 NY Slip Op 03263
May 26, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jose Bermeo, Plaintiff-Respondent,
v
Master Plumbing and Heating, Inc., Defendant-Respondent-Appellant, 3GR/427 LLC, et al., Defendants-Appellants-Respondents.
3GR/427 LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
Pelham Construction Corp., Third-Party Defendant-Respondent.

Decided and Entered: May 26, 2026
Index No. 154471/20|Appeal No. 6717|Case No. 2025-07061|
Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Hannum Feretic Prendergast & Merlino, LLC, New York (Lisa L. Gokhulsingh of counsel), for appellants-respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York (Elliott R. Hamilton of counsel), for respondent-appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kolby Forrest of counsel), for Jose Bermeo, respondent.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for Pelham Construction Corp., respondent.

[*1]
Order, Supreme Court, New York County (David B. Cohen, J.), entered October 10, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim as against defendants 3GR/427 LLC and Bettina Equities Management LLC (together, Owner defendants), denied that branch of defendant Master Plumbing and Heating, Inc.'s (Master Plumbing) cross-motion for summary judgment dismissing plaintiff's Labor Law § 200 and common law negligence claims and all cross-claims as against it, and denied the motion of the Owner defendants for summary judgment on their cross-claim against Master Plumbing for contractual indemnification and on their third-party claim against Pelham Construction Corp. (Pelham) for contractual indemnification, unanimously modified, on the law, to the extent of granting the Owner defendants conditional contractual indemnification against Master Plumbing and Pelham, and otherwise affirmed, without costs.
Plaintiff, an employee of the general contractor Pelham, was performing ceramic and sheetrock work at a building renovation project when, while retrieving a piece of sheetrock from a materials storage room, he was struck on the head by what he estimated to be a seven-to-nine foot tall piece of steel sprinkler pipe. The pipe was leaning vertically against the wall behind the room's entrance door. Plaintiff was bending down at the time to pick up a piece of sheetrock when the pipe toppled over and the end of the pipe struck the right side of his face. Plaintiff estimated the pipe's diameter to be about 1 ½-inch to 2 inches and its weight to be approximately 25 to 30 pounds. Defendant 3GR/427 LLC owned the building and defendant Bettina Equities Management LLC (Bettina) was the property manager who hired Pelham as the general contractor for the renovation project pursuant to a written agreement. Under a separate agreement, Pelham hired subcontractor Master Plumbing, whose work included installing plumbing and a fire sprinkler system whereas Pelham's work included removing construction debris from the job site.
[*2]
Supreme Court properly concluded that plaintiff established his prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240(1) claim through his unrebutted testimony that an unsecured 9-to-10 foot long steel sprinkler pipe toppled onto him, from where it was leaning vertically against a wall, and struck him on the head (see Ruiz v Phipps Houses, 216 AD3d 522, 522 [1st Dept 2023]). This testimony demonstrated that "an elevation-related safety device failed, or no device was placed and operated so as to provide him with adequate protection" from harm due to gravitational forces (Viruet v Purvis Holdings LLC, 198 AD3d 587, 588 [1st Dept 2021]; see also Coronel v Marcal Contr. Co., LLC, 246 AD3d 403, 404 [1st Dept 2026]). The distance that the end of the pole descended before striking plaintiff's face, combined with the pipe's estimated weight, was not de minimis (see Argueta v 39 W 23rd St. LLC, 236 AD3d 564, 565 [1st Dept 2025]).
In opposition, the Owner defendants failed to raise a triable issue of fact as to whether plaintiff's injury was unrelated to harm associated with a gravitational force and whether there was a failure to provide adequate protection from a risk arising from a physically significant elevation differential (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).
Supreme Court also properly denied Master Plumbing's cross-motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims. Even if Master Plumbing established prima facie entitlement to summary dismissal of those claims, plaintiff's circumstantial evidence offered in opposition, viewed in the light most favorable to plaintiff as nonmovant (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), was sufficient to raise triable issues of fact as to whether Master Plumbing's workers had left behind an unsecured, seven-to-nine foot long steel pipe leaning against the wall near the storage room door thus creating a hazardous condition (see Cappabianca v Skanska USA Building Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). Plaintiff's evidence established that Master Plumbing was the only contractor on the premises that worked with the type of sprinkler pipe at issue. Two other witnesses testified to observing pipes they estimated to be 6.5-to-11 feet in length in or near the storage room on the date of the accident, prior to its occurrence. Master Plumbing's contract with Bettina obligated it to keep its work area clear of waste debris and to remove/clear away all materials incidental to its work upon work completion. There was no evidence that other workers handled Master Plumbing's materials and debris once it finished its work in the storage room location two hours prior to the accident. Given Master Plumbing's potential liability for having created the alleged hazard, that branch of its motion which seeks dismissal of all cross-claims against it was properly denied.
[*3]
Supreme Court should have granted the Owner defendants conditional contractual indemnification on their cross-claim and third-party claim for contractual indemnification against Master Plumbing and Pelham, respectively. The indemnification provisions in the Bettina/Pelham contract and in the Bettina/Master Plumbing contract contained the same language, and both indemnity provisions were triggered by the fact that the alleged accident arose out of the performance of their work, but only to the extent those claims were caused in "whole or in part by any negligent act or omission" on the part of Master Plumbing and Pelham, or caused by or arose "out of the use of any products, material or equipment furnished by or on behalf of" Master Plumbing and Pelham (see Torres v Morse Diesel Intl., Inc., 14 AD3d 401, 403 [1st Dept 2005]). In view of this provision, a grant of contractual indemnification is conditioned upon the finding of Master Plumbing and Pelham's negligence or a finding that the products, material or equipment was furnished by or on behalf of Master Plumbing and Pelham (see Pelote v Berean Apts. Hous. Dev. Fund Co., Inc., 188 AD3d 467, 467-468 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2026